OPINION OF THE COURT
Stanley L. Sklar, J.
May the plaintiffs at the trial of a medical malpractice action ask a defendant physician, who has been convicted of a crime, about disciplinary proceedings based on that conviction that resulted in the suspension of the doctor’s license? I held that the plaintiffs may not make that inquiry.
FACTS
One of the defendants, a private physician, Dr. John Doe, had placed a male infant for adoption with Joel Steinberg and Hedda Nussbaum. He testified that Ms. Nussbaum had been his infertility patient for some years. When an underage patient of his was giving birth out of wedlock, the patient and her mother wished to have the child placed quietly. Dr. Doe, believing that he was benefiting the mother and the prospective adoptive parents, placed the infant with Steinberg and Nussbaum, who already had another child, Lisa Steinberg, placed with them. He felt comfortable that he was placing the child with responsible adoptive parents. He also testified that he had referred the natural mother to an attorney, whom he believed would institute formal adoption proceedings.
The tragic events leading to Lisa Steinberg’s death, the indictment of Joel Steinberg for her death, and the trial at which Hedda Nussbaum testified were the subject of intense media coverage. Once the investigation of Lisa Steinberg’s death started, Dr. Doe was charged with violation of Social Services Law § 374 (2) and § 389 which prohibit the placement of a child for adoption by an unauthorized person or entity and render such act a misdemeanor. Dr. Doe, who was unauthorized, immediately pleaded guilty and was sentenced to three years’ probation, a fine of $1,500, and was required to perform 100 hours of community service. The sentencing court noted that the charge against Dr. Doe was the first time that section 374 (2) of the Social Services Law had been the basis of a prosecution, and credited Dr. Doe’s assertion that he was unaware of the existence of the law.
After he was convicted, professional disciplinary proceedings *1076 were instituted against him which resulted in the suspension of Dr. Doe’s license to practice medicine for six months.
The instant medical malpractice action was commenced by a couple against Dr. Doe, who delivered their child. The plaintiffs claimed malpractice in connection with the postpartum care of the mother. The jury returned a verdict in favor of the defendants. During the trial plaintiffs wished to make full inquiry of Dr. Doe concerning the conviction. Defendants sought to bar the inquiry totally. I allowed testimony concerning the conviction and the facts underlying the conviction as bearing upon the credibility of Dr. Doe. (See, Richardson, Evidence § 498 [Prince 10th ed]; also see, CPLR 4513.) CPLR 4513 states: "A person who has been convicted of a crime is a competent witness; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by cross-examination, upon which he shall be required to answer any relevant question, or by the record.” However, I barred inquiry concerning the name of the infant child, the names of the proposed adoptive parents, and any other specifics that might reveal names of Steinberg or Nussbaum, since the prejudicial effect of that disclosure would far outweigh any possible probative value.
Plaintiffs, however, wished to go further and ask Dr. Doe whether he was the subject of disciplinary proceedings that resulted in the suspension of his license, urging that those proceedings were separately admissible on the witness’ credibility. Plaintiffs argued that if Dr. Doe had been acquitted of the criminal charge, but had his license suspended in the disciplinary proceedings, the suspension would be admissible.
The disciplinary proceedings are not admissible in addition to the criminal conviction. First, they are cumulative. It is the immoral or criminal act that is admissible on credibility. A judgment of conviction provides conclusive evidence of the violation of law. Adding information about the sanction imposed by the disciplinary body does not give the trier of facts additional information to aid it in assessing the credibility of the witness. Since Dr. Doe had been convicted, it is not necessary to address the question of admissibility if he had been acquitted but nonetheless was subjected to a disciplinary penalty.
Second, it became clear that plaintiffs truly sought the admission of the sanction imposed in the professional disciplinary proceedings because they were seeking to have the jury *1077 infer that Dr. Doe lacked competence and therefore was more likely to have committed malpractice with respect to the postpartum care in issue in this case. This effort is outside the rationale of the rule that permits evidence about a prior "bad act” for impeachment, and also runs afoul of the general rule that negligence cannot be established by a claimed prior unrelated act of negligence.
Accordingly, plaintiffs were not permitted to inquire as to the disciplinary proceedings.